UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                         :

UNITED STATES OF AMERICA,          :

                         :        **MEMORANDUM & ORDER**

      v.                   :        23-CR-434-2 (WFK)

                         :

RONALD GONZALES SOSA,        :

                         :

             Defendant.     :
--------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 25, 2024, Defendant pled guilty to Count Two of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1, ECF No. 26. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to twenty-four (24) months' imprisonment; three (3) years' supervised release with both the standard and special conditions of supervision; forfeiture of $4,180.00; and a $100.00 mandatory special assessment.

## I.  BACKGROUND

Defendant, together with co-defendants Edihno Huaccha Toscano and Christian German Garrido Davalos, conspired to sell cocaine and counterfeit U.S. currency to an undercover NYPD officer. Sealed Presentence Investigation Report ("PSR") ¶¶ 4–8. Over the course of four months, beginning in May 2023, co-defendant Huaccha Toscano arranged thirteen separate sales of cocaine and counterfeit currency to the undercover officer. *Id.* ¶¶ 5–6. Defendant played the role of courier. Gov't Sent'g Mem. at 1, ECF No. 51. Using two cars registered to himself, Defendant transported the cocaine and counterfeit currency from New Jersey to Queens, New York, where it was sold to the undercover officer. PSR ¶ 6. In total, the undercover officer purchased 1,023.61 grams of substances containing cocaine and $43,400.00 in counterfeit U.S. currency. *Id.* ¶¶ 7–8.

*Procedural History*

On October 31, 2023, the Government filed a two-count Indictment against Defendant and his co-defendants, alleging (1) conspiracy to sell counterfeit currency and (2) conspiracy to distribute and possess with intent to distribute controlled substances. *See generally* Indictment, ECF No. 11.  The Government alleged criminal forfeiture on both counts. *Id.*

On June 25, 2024, Defendant pled guilty to Count Two of the Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.  In his plea agreement, Defendant stipulated to selling "at least 1.03 kilograms of a substance containing cocaine."  Plea Agreement ¶ 2.  He consented to forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during the investigation. *Id.* ¶ 7.  He agreed to entry of a forfeiture money judgment totaling $4,180.00. *Id.* ¶ 6.

On June 24, 2025, consistent with Defendant's plea agreement, the Court ordered forfeiture of $4,180.00. *See generally* Order of Forfeiture, ECF No. 62.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553.  Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007).  If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing "in a

2

statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

**A.    The Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1.    *Family and Personal Background*

Defendant was born on July 13, 1982, in Lima, Peru. PSR ¶ 40. Defendant's father died in 1998 after sustaining head injuries during a robbery. *Id.* Defendant's mother died in 1988 from uterine cancer. *Id.* Defendant has three full siblings, four paternal siblings, and three maternal siblings. *Id.* ¶ 41. Two of Defendant's full siblings have passed away. *Id.* Defendant is not currently in contact with any of his living siblings. *Id.*

Defendant grew up under difficult economic circumstances in Lima, Peru. *Id.* ¶ 42. His father left when he was four years old and his mother died when he was six years old, leaving Defendant and his siblings "to fend for themselves." *Id.* Defendant and his siblings received meals from a soup kitchen and slept in an abandoned car near the family home. *Id.*

When Defendant was ten years old, he got a job delivering eggs. *Id.* He stopped working there when the owner's son tried to fondle him. *Id.* When Defendant was twelve years old, he started abusing drugs; as a result, his maternal sisters placed him in an asylum. *Id.* ¶ 43. Defendant's father signed him out after forty-five days before again abandoning Defendant. *Id.* From ages twelve to fourteen, Defendant slept in a series of abandoned cars around Lima. *Id.* From ages fourteen to sixteen, Defendant lived with his father, who had re-entered his life. *Id.* After his father died, Defendant returned to the family home to live with his siblings. *Id.*

Defendant has a twenty-year-old daughter from a prior relationship and a thirteen-year-old son from his current relationship. *Id.* ¶¶ 44–45. Defendant's daughter lives with her mother in Peru and is enrolled in school. *Id.* ¶ 44. Defendant's son lives with his mother in New Jersey and is enrolled in school. *Id.* ¶ 45. Defendant's current partner is aware of the instant offense and supportive. *Id.*

2.     *Educational and Employment History*

From 1987 to 1995, Defendant attended Almirante Miguel Grau San Miguel school in Lima, Peru. *Id.* ¶ 56. In sixth grade, Defendant withdrew from school to find work. *Id.* From 1995 to 2000, Defendant worked at various companies as a delivery person and assistant. *Id.* ¶ 60. From 2000 to 2022, Defendant worked as a taxi driver. *Id.*

In 2022, Defendant entered the United States, working first as a laborer and then as a freelance cab driver in New Jersey. *Id.* ¶¶ 46, 58–59. On October 27, 2023, Defendant was

arrested for the instant offense. *Id.* ¶ 57. On October 28, 2023, Defendant was transferred to the

Metropolitan Detention Center ("MDC") in Brooklyn, New York. *Id.* ¶ 47.

### 3. *Prior Convictions*

Defendant has a criminal history score of zero. *Id.* ¶ 34. His sole prior conviction is a

2023 state misdemeanor for driving without a license. *Id.* ¶ 33.

### 4. *Physical and Mental Health*

Defendant has "high triglycerides, high cholesterol, and an unspecified kidney problem,"

for which he is prescribed Atorvastatin. *Id.* ¶ 49. In 2022, Defendant was shot in the left side of

his neck by Venezuelan gang members demanding money from his taxi business in Peru.

*Id.* ¶ 50. The gunshot wound caused Defendant to lose mobility and sensation in his neck. *Id.*

Defendant reports no history of mental or emotional health conditions. *Id.* ¶ 51.

### 5. *Substance Abuse*

Defendant was addicted to alcohol and cocaine from ages twelve and fourteen,

respectively. *Id.* ¶¶ 52, 54. He stopped using both substances in 2012 after "realiz[ing] that his

drug addiction was damaging important relationships in his life." *Id.* ¶ 54.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the

instant offense. *See supra* Part I.

**B.    The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the

sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved transporting cocaine and counterfeit currency for his co-conspirators to sell to the undercover officer during thirteen separate transactions. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. Indeed, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C.      The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1. He faces a statutory maximum term of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). He faces a statutory minimum term of three years' supervised release. *Id.* He is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, one of the following must be imposed as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

In addition, Defendant faces a maximum fine of $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). He faces forfeiture of $4,180.00. Plea Agreement ¶ 6; Order of Forfeiture ¶ 1. He acknowledges and consents to forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during its investigation. *Id.* ¶ 7. Finally, the Court is

required to impose a mandatory special assessment of $100.00 per count under 18 U.S.C.

§ 3013(a)(2)(A).

> **D.      The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense**

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and

the sentencing range established for . . . [t]he applicable category of offense committed by the

applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for Conspiracy to Distribute and Possess with Intent to

Distribute Controlled Substances is U.S.S.G. §2D1.1. Defendant has a base offense level of 24

because his offense involved more than 500 grams, but less than two kilograms, of cocaine.

U.S.S.G. §2D1.1(c)(8). Two offense levels are subtracted because Defendant was a minor

participant in the conspiracy. U.S.S.G. §3B1.2(b). Two offense levels are subtracted because

Defendant is a zero-point offender. U.S.S.G. §4C1.1. Three offense levels are subtracted

because Defendant timely accepted responsibility. U.S.S.G. §§3E1.1(a)–(b). These reductions

result in a total offense level of seventeen (17).

Defendant has a criminal history category of I. PSR ¶ 34. A total offense level of

seventeen (17) and criminal history category of I results in a Guidelines range of twenty-four

(24) to thirty (30) months' imprisonment. U.S.S.G. §5A.

Probation recommends a Guidelines sentence of twenty-four (24) months' imprisonment,

two years' supervised release with special conditions, and a $100.00 mandatory special

assessment. Sealed Prob. Sent'g Rec. at 1, ECF No. 43-1. The Government recommends a

Guidelines sentence of twenty-four (24) months' imprisonment. Gov't Sent'g Mem. at 1, 4.

Defense counsel recommends a below-Guidelines sentence of time served. Def. Sent'g Mem.

at 5. Both the Government and defense counsel emphasize Defendant's minor participation in

7

the conspiracy, prompt acceptance of responsibility, and lack of significant criminal history. *See* Gov't Sent'g Mem. at 3–4; Def. Sent'g Mem. at 1–2.

The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E.    Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation draws the Court's attention to the policy statement at U.S.S.G. §5K2.21, permitting the Court to consider additional criminal conduct not accounted for in the Guidelines. *See* PSR ¶ 82 ("[Defendant] participated in the illegal trafficking, distribution, and possession of counterfeit United States currency. This additional criminal conduct could not be accounted for in the guidelines and may warrant an upward departure under USSG §5K2.21.").

Defense counsel draws the Court's attention to the policy statements at U.S.S.G. §§5H1.1 and 5H1.4, permitting the Court to consider a defendant's age and to depart downward where a defendant has an "extraordinary physical condition." *See* Def. Sent'g Mem. at 4–5. Defense counsel argues Defendant's age (42) and medical conditions are "truly extraordinary," making his incarceration "far more difficult than that of a younger and stronger person." *Id.* at 5.

### F.    The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

On June 18, 2025, this Court sentenced Defendant's co-defendant, Edihno Huaccha Toscano, to twenty-four (24) months' imprisonment. *See United States v. Edihno Huaccha*

8

*Toscano*, 23-CR-434-1, ECF No. 54. For the reasons stated in this Memorandum and Order, and considering the other six Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

### G.    The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to twenty-four (24) months' imprisonment, followed by three (3) years' supervised release with both the standard and special conditions of supervision; forfeiture of $4,180.00, as set forth in the Order of Forfeiture; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2025
     Brooklyn, New York

9